UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KEVIN WHITE,<br><br>  Petitioner,<br>v.<br><br>SCOTT MCEWEN,<br><br>  Respondent. | Civil No. 12-0016-MMA(WVG)<br><br>REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

I

INTRODUCTION

Michael Kevin White (hereafter "Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his San Diego Superior Court conviction on case number SCN 255863 (hereafter "Petition"). Petitioner was convicted by a jury of unlawful taking and driving of a vehicle in violation of Cal. Veh. Code § 10851(a); two counts of receiving stolen property in violation of Cal. Pen. Code § 496(d), and one count of receiving stolen property in violation of Cal. Pen. Code § 667(b)-(I),

and three prison priors under Cal. Penal Code § 667.5(b).[1] Petitioner was sentenced to 25 years to life imprisonment and ordered to pay restitution of $21,293.25.

Respondent Scott McEwen (hereafter "Respondent") has filed an Answer to the Petition. Petitioner has filed a Traverse to Respondent's Answer. The Court has considered the Petition, Respondent's Answer, Petitioner's Traverse, and the lodgments submitted by Respondent. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court RECOMMENDS that the Petition be DENIED.

II

FACTUAL BACKGROUND

The following facts are taken substantially from the California Court of Appeal opinion in People v. White, (Respondent's Lodgment No. 7). The Court relies upon these facts pursuant to 28 U.S.C. § 2254(e). See Parke v. Raley, 506 U.S. 20, 35-36 (1992) (stating that questions of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness); Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to findings of both state trial and appellate courts); Tinsley v. Borg, 895 F.2d 520, 524-26 (9th Cir. 1990) (stating that factual findings of both state trial and state appellate courts are entitled to presumption of correctness on federal habeas corpus review).

Between December 21 and 23, 2008, a tractor trailer was stolen in Downey, California. During the same time, a trailer was stolen from the Lynwood, California facility of Aaron Industries. The trailer was loaded

---

[1] Petitioner also suffered five prior serious or violent felony convictions and had been returned to prison several times for parole violations before the offenses in this case. (Respondent's Lodgment No. 7 at 10 - 11).

with 70,000 bottles of expired cold medicine containing pseudoephedrine. The medicine was awaiting destruction.

In December 2008, Petitioner was on parole. He was wearing a global positioning system (GPS). The device indicated that Petitioner was in the location of both thefts during the times they were likely committed.

On December 24, 2008, at about 7:40 a.m., Petitioner drove a stolen tractor trailer, which had been stolen from Aaron Industries, to the California Highway Patrol ("CHP") inspection center on Interstate 5 at San Onofre. The trailer was overweight and Petitioner was required to drive the tractor trailer to a separate location at the CHP facility. Instead of driving the tractor trailer to the separate location at the CHP facility, Petitioner drove the tractor trailer away from the facility. He was pursued by CHP officers. He stopped, and was required to return to the facility.

Subsequent investigation discovered that the license plates on the tractor did not belong to that vehicle. A record search of the vehicle identification numbers revealed that the tractor trailer had been stolen. Petitioner was arrested.

III

GROUNDS FOR RELIEF

Petitioner raises two grounds for relief. First, he requests that the restitution order be stricken on the grounds that the trial court exceeded its jurisdiction when it ordered Petitioner to pay restitution for damages not proximately caused by his criminal act. Further, Petitioner claims that his attorney's failure to object to the amount of the restitution order deprived him of effective assistance of counsel. Second, Petitioner alleges that his 25 years to life imprisonment

violates the prohibition against cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

## IV

## STANDARD OF REVIEW

In order for federal subject matter jurisdiction over a petition for writ of habeas corpus to lie, the petition must allege that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C.A. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. The current petition was filed on January 3, 2012 and is therefore governed by the AEDPA. To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000).

28 U.S.C. § 2254(d) states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an *unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States*; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. (emphasis added)

The Supreme Court interprets § 2254(d)(1) and (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

> from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
>
> Williams, 529 U.S. at 412-13.

A state court's decision may be found to be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in (the Court's) cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of (the) Court and nevertheless arrives at a result different from the (the Court's) precedent." Id. At 405-406; Lockyer v. Andrade, 538 U.S. 63, 72-75 (2003). A state court decision involves an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 539 U.S. at 407; Andrade, 538 U.S. at 76.

In Williams, the United States Supreme Court stated that "clearly established Federal law" in 28 U.S.C. § 2254(d)(1) "refers to the holdings, as opposed to the dicta of this Court's decisions as of the time of the relevant state court decision." Williams, 529 U.S. at 412. When there is no clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue. Carey v. Musladin, 549 U.S. 70, 74 (2006); Holley v. Yarborough, 568 F.3d 1091, 1098 (9th Cir. 2009).

> A state court must apply legal principles established by a (United States) Supreme Court decision when the case 'falls squarely within those principles, but not in cases where there is a 'structural difference' between the prior precedent and the case at issue, or when the prior precedent requires 'tailoring or modification' to apply to the new situation...
>
> We conclude that when a (United States) Supreme Court decision does not 'squarely address the issue in the case, or establish a legal principle that 'clearly extends' to a new context to the extent required by the (United States) Supreme Court, it cannot be said under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision.
> Moses v. Payne, 555 F.3d 742, 753-754 (9th Cir. 2009) (emphasis added).

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnmeaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled in part by Andrade, 538 U.S. at 74-77).

## V
## PETITIONER IS NOT ENTITLED TO RELIEF
### 1. Petitioner's First Ground for Relief

Petitioner's first ground for relief contends that "the restitution order to [the victim] was unauthorized and should be stricken." (Pet. at 6.) However, a challenge to the amount of a restitution order does not concern Petitioner's custody and is accordingly not cognizable on federal habeas corpus review. Furthermore, Petitioner's claim is procedurally defaulted.

        a. <u>Liability Under a Restitution Order Is Insufficient To Meet § 2254's Jurisdictional Requirements.</u>

Petitioner's first ground for relief, that the restitution order should be stricken, fails for lack of jurisdiction. 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The Ninth Circuit likened liability under a restitution order to a fine, noting that the imposition of a fine is merely a collateral consequence of a criminal conviction and does not meet the 'in custody' requirement of § 2254. <u>Bailey v. Hill</u>, 599 F.3d 976, 979 (9th Cir. 2010).

The relevant facts in <u>Bailey</u> are nearly identical to the facts present here. In <u>Bailey</u>, the petitioner sought post-conviction relief claiming that he was denied effective assistance of counsel in violation of his Sixth Amendment rights on the basis of his attorney's failure to object to the imposition of restitution as part of his sentence. In <u>Bailey</u>, the Ninth Circuit affirmed the district court's ruling that it lacked jurisdiction over Bailey's habeas corpus petition, holding that to sustain a habeas corpus challenge, the petitioner must show that his custody itself, or its conditions, offends federal law. A restitution order is not the sort of "significant restraint on liberty" contemplated in § 2254(a). <u>Id.</u> at 979 [citing <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183 (9th Cir. 1998)].

In the present case, Petitioner's first ground for relief fails because, as in <u>Bailey</u>, his challenge to the state court's restitution

order pertains only to a collateral consequence of his custody and not the fact of his custody or the conditions thereof.

Moreover, Petitioner's claim that he suffered ineffective assistance of counsel as a result of his counsel's failure to object to the restitution order similarly fails. Bailey, 599 F.3d at 978-980, Funk v. Uribe, 2011 WL 2939146 at *7 (C.D. Cal. 2011).

      b.  <u>Even if the Restitution Order Concerned Petitioner's Custody, Petitioner's First Ground for Relief is Procedurally Defaulted.</u>

Petitioner's challenge to the restitution order is procedurally defaulted because its rejection in state court was based on application of California's contemporaneous objection rule, an independent and adequate state procedural bar.

As a general rule, a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir.1996) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). For a state procedural rule to be independent, the state law basis for the decision must not be interwoven with federal law. LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir.2001). To be deemed adequate, it must be well established and consistently applied. Poland v. Stewart, 169 F.3d 575, 577 (9th Cir.1999). An exception to the general rule exists if the prisoner can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

adequate state procedural ground as an affirmative defense, the burden shifts to petitioner to place the adequacy of that procedural rule in issue, as the scope of the state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner." Bennett v. Mueller, 322 F.3d 573, 585–86 (9th Cir. 2003). If placed in issue, the state retains the ultimate burden of proving adequacy of the asserted bar. Id. at 585–86.

Here, Petitioner did not object to the restitution order at trial and has not offered any argument that his failure to object at trial and the contemporaneous objection rule invoked by the state court was not an independent and adequate basis for its decision. Nor has Petitioner demonstrated cause for his default or that a miscarriage of justice would result if his claim in this regard is not adjudicated. Accordingly, review of his claim regarding his attorney's failure to object to the restitution order is barred. See generally King v. Lamarque, 464 F.3d 963, 967 (9th Cir. 2006) ("Bennett requires the petitioner to 'place [the procedural default] defense in issue' to shift the burden back to the government"). The Ninth Circuit has held California's contemporaneous objection rule to be independent and adequate on various occasions, affirming the denial of a federal petition on grounds of procedural default where there was a failure to object to at trial. See Inthavong v. Lamarque, 420 F.3d 1055, 1058 (9th Cir.2005); Paulino v. Castro, 371 F.3d 1083, 1093 (9th Cir.2004) (jury instruction claim procedurally barred for failure to object); Melendez v. Pliler, 288 F.3d 1120, 1125 (9th Cir.2002) [citing Garrison v. McCarthy, 653 F.2d 374, 377 (9th Cir.1981); Rich v. Calderon, 187 F.3d 1064, 1069–70 (9th Cir.1999)] (declining to review various prosecutorial

misconduct claims as procedurally barred for failure to contemporaneously object).

Accordingly, since Petitioner's first ground for relief was rejected by the California Court of Appeal based on its application of California's contemporaneous objection rule, the claim is procedurally defaulted on federal habeas corpus review. As a result, this court RECOMMENDS that Petitioner's claim in this regard be DENIED.

### 3. Petitioner's Second Ground For Relief Fails Because The California Court of Appeal Reasonably Rejected His Argument Under United States Supreme Court Law.

Petitioner argues that his sentence of 25 years to life imprisonment violates the Cruel and Unusual Punishment Clause of the United States and California Constitutions. To the extent Petitioner challenges his sentence under the California Constitution, his argument is not cognizable on federal habeas corpus. See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Petitioner's claim under the Cruel and Unusual Punishment Clause of the United States Constitution was reasonably rejected by the California Court of Appeal. The Eighth Amendment does not require strict proportionality between the sentence and the crime; rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); Solem v. Helm, 463 U.S. 277, 288 (1983); Rummel v. Estelle, 445 U.S. 263, 271 (1980). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [are] exceedingly rare." Solem v. Helm, 463 U.S. 289-90 (quoting Rummel v. Estelle, 445 U.S. at 272) (emphasis omitted); see Rummel, 445 U.S. at 285 (sentence of life with possibility of parole imposed under recidivist statute for third felony conviction does not violate Eighth Amendment). The United States

Supreme Court has repeatedly upheld sentences under state recidivism statutes, including California's Three Strikes Law. See Ewing v. California, 538 U.S. 11, 20 (2003) (upholding three strikes sentence of 25 years to life imprisonment for a defendant who shoplifted golf clubs worth about $1,200, because seven years earlier the defendant had been convicted of three residential burglaries and one first degree robbery); Andrade, 538 U.S. at 63 (upholding two consecutive 25 years to life imprisonment sentences under Three Strikes Law for a defendant who stole $150 worth of videotapes with three prior convictions for first degree burglary); Rummel, 445 U.S. 265-266 (life sentence for fraudulent use of credit card, passing forged check, and theft by false pretenses).

> When the California legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice. Ewing, 538 U.S. at 25.

The California Court of Appeal appropriately cited to and followed United States Supreme Court law when concluding that Petitioner's sentence did not violate the Eighth Amendment to the United States Constitution:

> [I]n light of the holdings in Harmelin v. Michigan, and the more recent United States Supreme Court companion cases of Ewing v. California, which held lengthy indeterminate life sentences imposed under California's Three Strikes Law for recidivist criminals did not violate the Eighth Amendment, any reliance in this case upon the federal prohibition of cruel and unusual punishment would likewise be unsuccessful. As already noted, (Petitioner) suffered five prior serious or violent felony convictions before the offenses in this case. He had served three prior prison terms and had been returned to prison several times for parole violations before committing the current crimes.

> (Petitioner) was on parole at the time of the current offense.
>
> Given all the relevant considerations, the fact (Petitioner) will serve 25 years to life for his current case simply does not shock the conscience or offend concepts of human dignity. We thus conclude (Petitioner) has failed to show his sentence is so disproportionate to his "crimes," which include his recidivist behavior, and that the lengthy term imposed for this case does not violate the constitutional prohibitions against cruel and/or unusual punishment. (citations omitted.)
> Respondent's Lodgment No. 7 at 10-11.

This court agrees with the California Court of Appeal in this regard. Accordingly, this Court RECOMMENDS that Petitioner's second ground for relief be denied.

VI.

CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

IT IS ORDERED that no later than May 3, 2012, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than May 17, 2012. The parties are advised that failure to file objections within the

1  specified time may waive the right to raise those objections on appeal
2  of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:   April 17, 2012

_____
Hon. William V. Gallo
U.S. Magistrate Judge