# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KEVIN WHITE,<br><br>                       Petitioner,<br><br>vs.<br><br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                       Respondent. | CASE NO. 12cv16-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 11]<br><br>**OVERRULING PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 12]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

      Petitioner Michael Kevin White filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1], challenging his conviction for unlawfully taking and driving a vehicle (Cal. Vehicle Code § 10851(a)), receiving a stolen vehicle (Cal. Penal Code § 496d), and receiving stolen property (Cal. Penal Code § 496(a)). Petitioner had previously suffered three prison priors (Cal. Penal Code § 667.5(b)) and five strike prior allegations (Cal. Penal Code § 667(b), (i)), and therefore received a sentence of 25 years to life pursuant to California's Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12). Respondent filed an answer [Doc. No. 8] to the petition, and

Petitioner filed a traverse [Doc. No. 10]. The matter is currently before the Court for review of the Report and Recommendation [Doc. No. 11] prepared by United States Magistrate Judge William V. Gallo recommending that the petition be denied.

Petitioner filed objections [Doc. No. 12] to the Report and Recommendation. Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The Court has conducted a *de novo* review of the pertinent portions of the record and finds Petitioner's objections to be without merit.

Petitioner's first claim for relief, which challenges his state court restitution order, is not cognizable on federal habeas review despite Petitioner's current status in custody. *Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010). Accordingly, the claim fails.

Petitioner's second claim for relief, which challenges his term of custodial confinement, fails on its merits pursuant to controlling Supreme Court precedent upholding the constitutionality of California's Three Strikes Law. *See Ewing v. California*, 538 U.S. 11, 29-31 (2003) (sentence of 25 years to life for conviction of grand theft with prior convictions was not grossly disproportionate); *see also, Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (denying habeas relief on Eighth Amendment disproportionality challenge to California third strike sentence of two consecutive terms of twenty-five years to life for stealing $150 in videotapes when petitioner had lengthy but nonviolent criminal history). The Court agrees with Judge Gallo's conclusion that the California Court of Appeal did not unreasonably apply clearly established Supreme Court precedent when it determined that Petitioner's sentence does not raise an inference of gross disproportionality to the crime committed, or constitute cruel and unusual punishment in violation of the Eighth Amendment. Petitioner's reliance on the Supreme Court's earlier holding in *Solem v. Helm* is unavailing. *Solem v. Helm*, 463 U.S. 277 (1983) (holding unconstitutional a mandatory life sentence *without* the possibility of parole imposed for uttering a "no account" check for $ 100, the petitioner's seventh nonviolent felony). Here, Petitioner's sentence of twenty-five years to life

1 is less than that of the defendant in *Andrade*, equal to the sentence affirmed in *Ewing*, and unlike
2 the sentence disapproved in *Solem*, allows for the possibility of parole after he serves the minimum
3 25-year portion of his term.

4    Accordingly, the Court concludes that Judge Gallo issued an accurate report and well-
5 reasoned recommendation that the instant petition be denied.  The Court **ADOPTS** the Report and
6 Recommendation in its entirety and **DENIES** the petition for writ of habeas corpus.

## CERTIFICATE OF APPEALABILITY

8    "The district court must issue or deny a certificate of appealability when it enters a final
9 order adverse to the applicant."  Rule 11 foll. 28 U.S.C. § 2254.  A petitioner may not seek an
10 appeal of a claim arising out of a state court detention unless the petitioner first obtains a
11 certificate of appealability from a district judge or circuit judge under 28 U.S.C. § 2253.  Fed. R.
12 App. Proc. 22(b).  Under 28 U.S.C. § 2253(c), a certificate of appealability will issue only if the
13 petitioner makes a substantial showing of the denial of a constitutional right.

14    For the reasons set forth herein, and in detail in the Report and Recommendation,
15 Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly,
16 the Court **DECLINES** to issue a certificate of appealability in this action.

17    **IT IS SO ORDERED.**

18 DATED: August 1, 2012

                  _____
                  Hon. Michael M. Anello
                  United States District Judge